UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


AMERICAN SAFETY INDEMNITY COMPANY,

     Plaintiff


v.                                    CIVIL ACTION NO. 2:04-0752


STOLLINGS TRUCKING CO., INC.,
MANNIE RAY NELSON, ARK LAND COMPANY,
and CLARENDON NATIONAL INSURANCE COMPANY,

     Defendants



<u>MEMORANDUM OPINION AND ORDER</u>


     This matter is before the court on the motion, filed March 11, 2005, of plaintiff American Safety Indemnity Company ("American Safety") for bifurcation of claims and stay of extra-contractual claims.[1]

_____

[1]    Plaintiff filed an amended and corrected motion on June 13, 2005, recanting its statement that defendant Ark Land Company asserted, in its cross-claim filed November 22, 2004, statutory and common law bad faith causes of action against defendant Clarendon National Insurance Company.  The motion and memorandum in support is otherwise substantially unchanged.

I.

Plaintiff initiated this action against defendant Stollings Trucking Co., Inc. ("Stollings") on July 22, 2004, seeking declaratory relief that the commercial general liability coal mining and commercial excess liability policies of insurance issued by American Safety afford no coverage for claims filed against Stollings by Mannie Ray Nelson[2], whom American Safety argues was Stollings' independent contractor.  (Compl. ¶¶ 14-15, 19, ad damnum.)  On August 9, 2004, Stollings filed its answer and counterclaim.  It seeks declaratory relief that American Safety was obligated to provide a defense and indemnification in the claims of Nelson and two other individuals, Wyson Bartley and Georgia Murphy, administratrix of the estate of Angela Murphy,[3]

---

[2]     According to plaintiff, Nelson alleges that he was injured while driving a Stollings-owned truck with faulty brakes. (Compl. ¶¶ 10-11.)  Nelson's action, pending in the Circuit Court of Logan County, West Virginia under civil action number 04-C-97, is based alternatively on theories of negligence and deliberate intent.  (Def. Stollings Counterclaim ¶¶ 5, 9.)

[3]     Stollings states that the Murphy action, currently pending in the Circuit Court of Mingo County, West Virginia, and bearing civil action number 02-C-222, arises from allegations that Stollings improperly loaded a tractor and trailer owned by a third party, ultimately leading to the death of Angela Murphy. (Def. Stollings Counterclaim ¶¶ 5, 39.)  It states that the Bartley action, currently pending in the Circuit Court of Boone County, West Virginia and bearing civil action number 03-C-87, arises from allegations that Bartley was injured by shifting timber after Stollings negligently loaded a truck owned by Ricky

2

and that American Safety breached its duty to Stollings in failing to do so.  (Def. Stollings Counterclaim ¶ 5, ad damnum.) It further alleges that American Safety acted in violation of the West Virginia Unfair Trade Practices Act.  (Compl. ¶ 53.)

        By agreed order entered August 19, 2004, Mannie Ray Nelson was granted leave to intervene in this action.  According to the complaint, Nelson claims that he was injured while driving a truck for Personal Management Company, doing business as Stollings (Compl. ¶¶ 8-18), and that he is an interested party in coverage issues.  Subsequently, on November 1, 2004, the court granted the motions to intervene of Ark Land Company ("Ark Land") and Clarendon National Insurance Company ("Clarendon").  Ark Land's motion was based on its representation that it is an "additional insured" under Stollings' general and automobile liability insurance policies, and that American Safety failed to indemnify it in the action filed by Angela Murphy.  (Def. Ark Land Mot. to Intervene, ¶¶ 4-8.)  Clarendon's motion sought permissive intervention based on its representation that it insures Stollings through a business auto insurance policy, pursuant to which it currently is providing a defense under a reservation of rights in the Bartley and Murphy matters.  (Def.

---

Ball.  (Def. Stollings Counterclaims ¶¶ 5, 25.)

Clarendon Mot. to Intervene at 1-2.)  If American Safety has a duty to indemnify Stollings, Clarendon asserts, American Safety may be required to share in the cost for legal representation incurred by Clarendon in those matters.  (<u>Id</u>. ¶ 6.)

Ark Land filed its first amended answer and counterclaim on November 22, 2004.  It alleges violations of the West Virginia Unfair Trade Practices Act, breach of contract and breach of the duty of good faith and fair dealing, and it seeks declaratory judgment that American Safety has a duty to defend and indemnify Ark Land in the Murphy matter.  (Def. Ark Land Counterclaim ¶ 11, <u>ad</u> <u>damnum</u>.)  Ark Land also filed a cross-claim against Clarendon, seeking declaratory judgment that Clarendon holds a primary duty to defend and indemnify Ark Land in the Murphy matter.  (Def. Ark Land Cross-Claim, <u>ad</u> <u>damnum</u>.) Clarendon filed an answer to American Safety's complaint together with its counterclaim on December 23, 2004.  It seeks declaratory judgment that American Safety has a duty to defend and indemnify Stollings in the Bartley and Murphy matters.  (Def. Clarendon Counterclaim, <u>ad</u> <u>damnum</u>.)

4

II.

Plaintiff seeks bifurcation of the coverage issues from
the causes of action arising under the West Virginia Unfair Trade
Practice Acts and the "extra-contractual" bad faith claims on the
grounds that proceeding with discovery on all claims could result
in the discovery of "mental impressions, work product and
privileges," and that jury confusion is likely given the several
claims involved.  (Pl. Mot. at 3-4.)  Plaintiff expresses concern
that the potential "assertion of the advice of counsel defense
may permit discovery as to the attorney client communication
between [it] and its counsel on the coverage isses" to the
disadvantage of American Safety.  It seeks an order staying
discovery on the bad faith issues pending coverage determination,
which order it says would "obviate discovery disputes on malice
and the extra-contractual/'bad faith' claim and will save time,
effort and expense for the [c]ourt and all parties."  (Pl. Mot.
at 1, 4.)

Defendant Stollings Trucking and intervenor defendant
Ark Land oppose plaintiff's motion, arguing that this action
involves first-party bad faith issues, which do not mandate
bifurcation.  (Def. Stollings Trucking Resp. at 3; Def. Ark Land
Resp. at 2.)  Ark Land states that "the only third-party bad

5

faith claimant is Nelson" (Def. Ark Land Response at 3), but
Stollings Trucking says that Nelson's claim does not involve
third-party bad faith (Def. Stollings Trucking Response at 2).[4]
Neither defendant elaborates on the nature of Nelson's
involvement in this action.

### III.

The West Virginia Supreme Court of Appeals has held
that a trial court abuses its discretion when it refuses to
bifurcate and stay a third-party bad faith action from a personal
injury action.  State ex rel. State Farm Fire & Casualty v.
Madden, 451 S.E.2d 721, 726 (W.Va. 1994).  Bifurcation is not
required, however, in all cases where bad faith is alleged.

> In a first-party bad faith action the insurer
> is actually the named defendant in both the
> underlying claim and the bad faith claim.
> Thus, the primary concern of disclosing the
> existence of insurance which was articulated
> in Madden does not exist in a first-party bad
> faith action.  The first party/third party
> distinction however, does not mean that

---

[4]      Nelson intervenes in this action not by formal motion
but pursuant to an agreed order entered on August 19, 2004, which
order memorialized Nelson's motion and American Safety's
agreement therewith.  Nelson has since filed no pleading.  Fed R
Civ P 24(c) provides that "[a] person desiring to intervene shall
serve a motion to intervene upon the parties as provided in Rule
5.  The motion shall state the grounds therefor and shall be
accompanied by a pleading setting forth the claim or defense for
which intervention is sought."

6

> bifurcation should never occur.  Instead, the
> inquiry becomes whether trial courts should
> be permitted to exercise discretion on a
> case-by case basis in determining whether to
> bifurcate and stay a first-party bad faith
> claim.

Light v. Allstate Insurance Company, 506 S.E.2d 64, 71 (W.Va. 1998).  In Light, the court determined that trial courts may exercise such discretion "in furtherance of convenience, economy, or to avoid prejudice . . . [and that] trial courts have discretion in determining whether to stay discovery in a first-party bad faith claim against an insurer that has been bifurcated and stayed."  Light, 506 S.E.2d at 73.

The discretion to bifurcate is granted by Rule 42(b) of the Federal Rules of Civil Procedure, which confers upon the court the ability to do so "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy."  Plaintiff argues that it will suffer prejudice if the claims herein are not bifurcated; defendants argue that they will suffer prejudice if bifurcation is ordered because "[d]iscovery relevant to coverage will almost always be relevant to bad faith claims" (Def. Ark Land Response at 5) and the issues "overlap" (Def. Stollings Response at 7).  Stollings asserts that "many of the documents requested from [plaintiff] related to documents maintained in the ordinary course of

7

business . . . not entitled to protection" and there is thus
little or no danger that privileged documents are unnecessarily
subject to disclosure.  (Def. Stollings Response at 5.)  Ark Land
suggests that if a potential for impropriety is created by
plaintiff's counsel having advised his client on coverage issues,
plaintiff's counsel should withdraw.  (Def. Ark Land Response at
5.)  Both defendants argue that bifurcation would frustrate
judicial economy (Def. Ark Land Response at 5; Def. Stollings
Response at 8), and Stollings expresses particular concern about
increased attorney fees and costs (Def. Stollings Response at 8).

At its genesis, this action sought resolution of a
relatively simple matter.  That is, plaintiff asked the court to
determine that it was not obligated to provide coverage for
claims filed by Nelson against defendant Stollings.  Soon
thereafter, Nelson intervened, but filed no pleading to bespeak
his intentions.  Subsequently, Ark Land and Clarendon intervened,
and brought with them the question of coverage for the Bartley
and Murphy claims, which appear unrelated and dissimilar to the
claims of Nelson.  Furthermore, the addition of Clarendon
introduces a second potentially applicable policy of insurance.
While defendants would downplay the myriad of issues present in
this matter, the court agrees with plaintiff that the case's

8

complexity has grown far beyond its modest beginning.

Inasmuch as the counterclaims of Clarendon and Ark Land have injected additional coverage questions and causes of action, and require the interpretation of an additional insurance policy, along with another bad faith claim, it appears that plaintiff may indeed suffer undue prejudice if all issues, including bad faith, were made the subject of joint discovery and tried together to a jury. Though the underlying claims of Nelson, Bartley, and Murphy do not require resolution here, each presents its own unique factual circumstances relevant to coverage, and the resolution of the coverage issues is therefore complex in itself. The addition of the bad faith issues could considerably complicate an already arduous inquiry. Application of the various relevant factual scenarios to not one but at least two separate insurance policies may prove confusing to a jury, and that confusion could significantly increase with the introduction of facts related to the bad faith dispute. Moreover, Nelson's intentions remain unclear inasmuch as he has failed to plead, and it appears that he potentially could introduce third-party bad faith issues into this case upon so filing. In addition, bifurcation will serve to expedite the core question of coverage, which may require only minimal discovery. Judicial economy is

best served by bifurcation of this matter.

The court turns to the question of whether a stay of discovery is appropriate.  In determining whether discovery should be stayed as to the bad faith claims, the court considers the following factors suggested by Light: (1) the number of parties in the case, (2) the complexity of the underlying case against the insurer, (3) whether undue prejudice would result to the insured if discovery is stayed, (4) whether a single jury will ultimately hear both bifurcated cases, (5) whether partial discovery is feasible on the bad faith claim and (6) the burden placed on the trial court by imposing a stay on discovery.  Light at syl. pt. 3.  It is not inconceivable that the unnecessary expenditure of resources could be avoided entirely based on the disposition of the coverage question.  On the other hand, it does not appear that discovery efforts would be substantially duplicated in bifurcation as defendants suggest.  In view of the substantial number of parties and the complicating factor of two insurance policies, and inasmuch as undue prejudice by two-tiered discovery has not been shown, the court concludes that a stay of discovery of the bad faith issues would serve the interest of the parties and that of judicial economy and should be granted.

10

IV.

For the reasons stated, it is ORDERED that plaintiff's motion be, and it hereby is, granted.  This action is bifurcated, and discovery related to allegations of statutory bad faith is stayed until the further order of the court.

The first stage of proceedings, for which the court will fix a schedule by separate order, shall address the coverage issues. At the conclusion of the first stage proceedings, the court will fix a schedule for the second stage, which will address the first party bad faith claims asserted by Stollings and Ark Land and the potential third party bad faith claim of Nelson.

The clerk is directed to forward a copy of this written opinion and order to all counsel of record.

DATED: August 16, 2005

John T. Copenhaver, Jr.
United States District Judge